Filed 6/26/25  P. v. Lightle CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WINDELL LIGHTLE,<br><br>    Defendant and Appellant. | A171614<br><br>(San Francisco City & County Super. Ct. Nos. CRI-17006783, SCN-22-967802) |

MEMORANDUM OPINION[1]

In 2022, defendant Windell Lightle was sentenced to 16 years in prison after entering a plea to voluntary manslaughter and admitting to personal use of a firearm.[2]  He now appeals from a trial court order declining to act on his request for recall and resentencing under Penal Code[3] section 1172.1.  His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, which established the procedural framework for appellate courts to follow when counsel finds no arguable issues in a postconviction

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] Lightle was convicted under Penal Code sections 192, subdivision (a) (voluntary manslaughter), and 12022.5, subdivision (a) (personal use).  The underlying facts are not relevant to this appeal.

[3] All further statutory references are to the Penal Code.

appeal. Under this framework, Lightle was informed of and exercised his right to file a supplemental brief. (See *id.* at pp. 231–232.) Nonetheless, we need not evaluate his claims, because the appeal is from a nonappealable order and must be dismissed.

Under section 1172.1, a trial court may recall the sentence of a defendant convicted of a felony and resentence the defendant either (1) "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law," or (2) "at any time upon the recommendation of" specified law enforcement officials. (§ 1172.1, subd. (a)(1).) Defendants themselves are "not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

In March 2024, Lightle filed a request for recall and resentencing under section 1172.1, based on supposed changes to sections 12022.5 and 12022.53.[4] The request noted his achievements and good behavior in prison, as well as his desire to rejoin society as a positive and productive citizen. On July 9, 2024, the trial court sent Lightle a letter confirming receipt of his request and "declin[ing] to exercise its discretion to recall and resentence [in] this case." Lightle appealed this decision.[5]

Lightle's appellate counsel raised the issue of whether the trial court's decision is appealable, and we conclude it is not. "The right to appeal is

---

[4] Lightle was not convicted under section 12022.53, and neither that statute nor section 12022.5 has been amended since he was originally sentenced.

[5] Lightle also purported to appeal from his 2022 sentence, which is clearly untimely.

statutory only, and a party may not appeal a trial court's judgment, order[,] or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Under section 1237, subdivision (b), a felony defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." But Courts of Appeal have uniformly held that an order "denying or dismissing a defendant-initiated request under section 1172.1" is not appealable under section 1237, subdivision (b), because a trial court has "no statutory obligation to act on [a] defendant's request and thus [such an] order [does] not affect a defendant's substantial rights." (*People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692–693, review denied June 11, 2025, S289909; *People v. Hodge* (2024) 107 Cal.App.5th 985, 991.) We agree with the reasoning in these decisions and conclude we lack jurisdiction to review the trial court's decision not to act on Lightle's request under section 1172.1. (See *Roy*, at pp. 998–999; *Faustinos*, at pp. 696–697; *Hodge*, at pp. 996, 998.)

The appeal is dismissed.

_____

Humes, P.J.


WE CONCUR:


_____

Langhorne Wilson, J.


_____

Smiley, J.


*People v. Lightle*  A171614

4